IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Pain Management Technologies, Inc.**, <br> 1340 Home Ave., Bldg. A <br> Akron, Ohio 44310, <br><br> Plaintiff, <br><br> v. <br><br> **Murray Electronics Associates, LP**, <br> 260 Schilling Circle <br> Hunt Valley, Maryland 21031, <br><br> Defendant. | Case No. <br><br> Judge <br><br> Magistrate <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND AND INVALIDITY OF PATENT** <br><br> *(Jury Demand Endorsed Hereon)* |

NOW COMES the Plaintiff, *Pain Management Technologies, Inc.*, and for its Complaint against the Defendant hereby alleges and avers the following:

## THE PARTIES

1. The Plaintiff, Pain Management Technologies, Inc., is a corporation organized under the laws of Ohio, and has its principal place of business in Akron, Ohio, which is in Summit County.

2. The Defendant, Murray Electronics Associates Limited Partnership, is a limited partnership organized under the laws of Maryland, and has its principal place of business in Maryland.

3. The Defendant purports to be the assignee and owner of United States Patent No. 5,273,033 (the '033 patent).

## JURISDICTION AND VENUE

4. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of the '033 patent. A judicial declaration that the claims of the '033 patent are invalid and that the Plaintiff has not infringed any claim of the '033 patent is necessary and appropriate at this time so that the Plaintiff may ascertain its rights and duties with respect to the '033 patent.

5. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 2201, 2202, and 1338 as a declaratory judgment action arising under the patent laws, Title 35 of the United States Code.

6. This Court has personal jurisdiction over the Defendant by virtue of the Defendant's conduct within the State of Ohio, within this judicial district. The Defendant has issued a cease and desist letter to the Plaintiff in this judicial district.

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 and 1400.

## FACTUAL ALLEGATIONS

8. The Defendant sent the Plaintiff a cease and desist letter that was dated June 11, 2009. <u>(See a true and accurate copy of the cease and desist letter attached hereto as "Exhibit 1.")</u>

9. In their letter, the Defendant alleges that the Plaintiff has infringed the '033 patent.

10. The Defendant alleges that the Plaintiff's J-Stim 1000 product infringes upon claims in the '033 patent.

11. Reading within the four corners of the cease and desist letter, it appears that the Defendant had never actually examined the Plaintiff's product.

12. The Defendant appears to have premised its allegations of infringement upon certain specifications that are, in fact, not the correct specifications for the Plaintiff's actual product.

13. The Plaintiff's actual product does not infringe any of the independent or dependent claims of the '033 patent.

14. The Plaintiff has had its product reviewed by patent counsel with a thorough claims comparison made to the '033 patent and has received an advice of counsel opinion of noninfringement.

15. Given that the Defendant's cease and desist letter has alleged infringement and threatened litigation, the Plaintiff files this action to ascertain its rights with respect to noninfringement and invalidity of the '033 patent.

### CLAIM NO. 1
*(Declaratory Judgment of Noninfringement)*

16. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

17. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the patent laws of the United States, 35 USC § 1 *et seq.* and seeks a declaratory judgment that Plaintiff has not and does not infringe any valid and enforceable claim of the '033 patent.

18. The Defendant purports to be the assignee and owner of the '033 patent. (Ex. 1.)

19. The Defendant has issued a cease and desist letter alleging infringement of the claims of the '033 patent.

20. The Plaintiff does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any valid and enforceable claim of the '033

patent, either directly, indirectly, contributorily, or otherwise and has not induced others to infringe any valid and enforceable claim of the '033 patent.

21. A judicial declaration is necessary under the circumstances to resolve this controversy.

22. The Plaintiff requests a declaratory judgment that it does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any valid and enforceable claim of the '033 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid and enforceable claim of the '033 patent.

## CLAIM NO. 2
*(Declaratory Judgment of Invalidity)*

23. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

24. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the patent laws of the United States, 35 USC § 1 *et seq.* and seeks a declaratory judgment that each of the claims of the '033 patent are invalid.

25. The Defendant purports to be the assignee and owner of the '033 patent. (Ex. 1.)

26. The Defendant has issued a cease and desist letter alleging infringement of the claims of the '033 patent.

27. The claims of the '033 patent are and have been invalid and void on the grounds that the purported invention, attempted to be patent therein, fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, the conditions specified in 35 USC §§ 101, 102, 103, 112, and/or 305 of the Code.

Plaintiff's Complaint - 4

4 - 4 -

28. The claims of the '033 patent are further afforded no presumption of validity over an obviousness defense pursuant to 35 USC § 103 in light of the United States Supreme Court's ruling in *KSR International Co. v. Teleflex, Inc.*, which eliminated the teaching, suggestions, and motivation test as the sole basis on which an obviousness rejection must be premised.

29. A judicial declaration is necessary under the circumstances to resolve this controversy. The Plaintiff is entitled to a declaratory judgment that each of the claims of the '033 patent are invalid.

## **PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiff prays that this Court enter an Order in favor of the Plaintiff and against the Defendant, including, but not limited to:

A) A declaratory judgment that none of the Plaintiff's products infringe or have infringed, either directly or indirectly, any valid claim of the '033 patent;

B) A declaratory judgment that the claims of the '033 patent are invalid;

C) A declaration that this case is exceptional under 35 USC § 285 and award the Plaintiff its attorney's fees, costs, and expenses incurred in this action; and,

D) Any further relief in law or equity that this honorable Court deems just and appropriate.

## **JURY DEMAND**

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Most Respectfully Submitted,

  **  /s/ David A. Welling  **
**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934)**
*CHOKEN & WELLING*
Attorneys at Law
3020 West Market Street
Akron, Ohio 44333
Tel.   (330) 865 – 4949
Fax    (330) 865 – 3777

*Counsel for the Plaintiff*
